UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

**RICARDO REBALDO**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 14-1705**

**SHARRON BROWN ET AL.**                               **SECTION "B"(2)**


                      **FINDINGS AND RECOMMENDATION**

Plaintiff Ricardo Rebaldo filed a complaint alleging discrimination against him by his landlords due to his medical condition and because he had two dogs, which resulted in his eviction. Record Doc. No. 1, Complaint, at p. 1. He also alleges that his landlord did not return his satellite dish and cut off the electricity to force him out of the apartment. Rebaldo seeks monetary damages. Id., p. 8.

By notice issued August 1, 2014, Record Doc. No. 2, the Clerk of Court instructed Rebaldo that he must provide additional contact information and pay a filing fee or submit a pauper application. The Clerk of Court mailed this notice to plaintiff at the address he provided on the complaint. This notice has not been returned as undelivered. No response has been received from plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss an action for failure of the plaintiff to prosecute or comply with an order of the court. Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have

traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff is proceeding in this case in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).

A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

The court has attempted through its notice to plaintiff to obtain from him materials and information necessary to prosecute his case. Plaintiff's failure to respond to the notice clearly reflects a failure on his part to prosecute. His failure to comply with the court's notice and rules establishes a clear record of delay or contumacious conduct,

2

including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff himself.  See Torns v. State of Miss. Dept. of Corrections, 262 F. App'x 638, 639 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 F. App'x 402, 404-05 (5th Cir. 2008); Aucoin v. K-Mart, 943 F.2d 6, 8-9 (5th Cir. 1991) (upholding trial court's dismissal for failure to prosecute the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference).

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge.  Plaintiff is advised that he must file any objection to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report. Plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to plaintiff that his objection should contain a short summary of the reasons that he failed to comply with the court's notice of deficiency.  Plaintiff must also provide the court with the information requested in the notice of deficiency as detailed above.

Rebaldo is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of his suit.  A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14)

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## **RECOMMENDATION**

**IT IS RECOMMENDED** that, if plaintiff Ricardo Rebaldo does not file written objections to these Findings and Recommendation, together with a filing fee or a completed pauper application, his complaint should be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this \_\_\_\_27th\_\_\_ day of August, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.